

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

March 31, 2023

**NICOLLE L. JACOBY**

nicolle.jacoby@dechert.com
+1 212 698 3820  Direct
+1 212 698 0470  Fax

**VIA ECF**

The Honorable Nina R. Morrison, United States District Judge
United States District Court
Eastern District of New York
255 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Su v. Advanced Care Staffing, LLC, et al.*, Civil Action No. 23-cv-02119

Dear Judge Morrison:

This firm represents defendants Advanced Care Staffing, LLC ("ACS") and Samuel Klein ("Mr. Klein," collectively "Defendants") in the above captioned case.  We write in response to Chief Judge Brodie's March 29, 2023 order reassigning the subject case to Your Honor.  For the reasons set forth below, we respectfully oppose the designation and reassignment insofar as the case was designated by plaintiff at filing as related to *Vidal v. Advanced Care Staffing, LLC*, Civil Action No. 22-cv-05535 ("*Vidal*").

*Factual Background*

Defendant ACS, a healthcare staffing agency, enters into voluntary agreements to sponsor foreign nurses so they can become lawful permanent residents of the United States in return for the nurses' commitment to work for ACS for three years (or an hourly equivalent).  In connection with this arrangement, ACS pays substantial immigration, transportation, housing and other fees and expenses.  ACS also pays each nurse a wage above the prevailing wage determined by the Department of Labor ("DOL").  Thereafter, the nurse – who has been conferred the substantial benefit of lawful permanent residence status in the United States as the direct result of ACS' investment of time, money and resources – is free to work for any employer they choose.  Under these agreements, if ACS or a nurse breaches their obligations, either party may pursue a claim in arbitration for damages in accordance with applicable law. After plaintiff Vidal resigned his employment with ACS after working only a few months, ACS commenced an arbitration before the American Arbitration Association to recover its contractual damages.  Vidal sought a declaratory judgment against ACS that the arbitration provision contained in his employment agreement was unenforceable, and sought to enjoin the arbitration.  On February 24, 2023, Your Honor granted Vidal's application for a preliminary injunction; that ruling is on appeal.

On March 20, 2023, Acting Secretary of Labor Julie Su of the DOL filed the above-captioned lawsuit (the "DOL Lawsuit") against ACS as well as Klein, its Chief Executive Officer, alleging that ACS's contracts illegally force these nurses to repay their "earned wages" if they do not work for ACS for three years.  DOL alleges that, as a result of these practices, some employees of ACS



have earned less than the federal minimum wage and/or have not received required overtime in violation of the Fair Labor Standards Act ("FLSA"). The Secretary seeks to enjoin Defendants from "demanding future profits and related attorneys' fees and costs," 'to recover unpaid wages and liquidated damages due to… former employees from whom ACS has already initiated arbitrations," and to "restrain Defendants from withholding unpaid wages from their former employees." DOL Complaint ¶ 8.

On March 27, 2023, counsel for Defendants met and conferred with Senior Trial Attorney Jason Glick on behalf of DOL regarding whether the DOL Lawsuit should be designated "related" to *Vidal* pursuant to Rule 3 of the Eastern District of New York's Rules for the Division of Business ("Rule 3"). Counsel for Defendants explained that the two cases were not related due to *inter alia*, the markedly different facts, claims and interests presented, and that there was no reason the cases should not be assigned according to the random case assignment process. Counsel for DOL indicated they would file a letter motion with the Court seeking designation of the case as "related" to the *Vidal* case as required by the Court's rules and agreed that Defendants would have an opportunity to oppose that motion. *See* E.D.N.Y. Div. Bus. R. 3(a). The case appears to have been automatically reassigned before the Plaintiff filed any motion.

*The DOL Lawsuit and Vidal are Not Related Under Rule 3*

Under Rule 3 "[a] civil case is 'related' to another civil case … when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same district and magistrate judge." E.D.N.Y. Div. Bus. R. 3(a). In determining whether the reassignment of one case as "related" to an earlier-filed case would substantially conserve judicial resources, courts consider: (i) whether the facts and claims are substantially similar, (ii) whether the interests of differing parties are distinct or in conflict, (iii) whether the evidence to be presented in these cases is identical and overlapping, and (iv) the requirement of Rule 2(a) that "[a]ll criminal, civil, and miscellaneous cases shall be randomly assigned by the Clerk." E.D.N.Y. Div. Bus. R. 2(b); *see also Ligon v. City of New York*, 538 Fed. App'x 101, 102-03 (2d Cir. 2013), vacated in part by 743 F.3d 362 (2d Cir. 2014) (court improperly applied the "related cases rule" to hear stop-and-frisk cases which would have impeded the promise of random assignment and a "fair and impartial administration of justice"); *Molinari v. Bloomberg*, No. CV-08-4539CPSJO, 2008 WL 5412433, at *6–7 (E.D.N.Y. Dec. 22, 2008) (cases not "related" where plaintiffs represented different interests and the legal claims and rights of recovery in each case were distinct); *Canaday v. Koch*, 598 F.Supp 1139 (E.D.N.Y. 1984) (declining to designate a case as related merely because the same issue was at stake in both cases on the ground that the parties' interests were overriding).

Here, the instant case and *Vidal* are *not* sufficiently related such that reassignment would result in a substantial savings of judicial resources. Indeed, quite the opposite is true—these two cases have been brought by different plaintiffs representing separate and distinct interests, are based on separate and distinguishable facts, present different legal issues and causes of action and seek vastly different remedies.

18264953

Case 1:23-cv-02119-NRM-MMH   Document 13   Filed 03/31/23   Page 3 of 3 PageID #: 45



Judge Morrison
March 31, 2023
Page 3

As an initial matter, the government plaintiff in the above captioned case represents an entirely separate and different interest than the plaintiff in *Vidal*, weighing against a finding that the two cases are "related." *See Molinari*, 2008 WL 5412433, at *7–8 (finding distinct and unrelated plaintiffs weighed against a finding that two cases were related). Moreover, the Acting Secretary of Labor has filed a sweepingly broad lawsuit against ACS and Mr. Klein alleging violations of Sections 6, 7 and 15(a)(2) of FLSA and seeking to recover back wages and liquidated damages for ACS's former employees, as well as seeking broadly to enjoin purported "acts and practices" that allegedly violate the FLSA. In contrast, the claims and issues in *Vidal* are far narrower in scope and only against ACS. Vidal brings claims solely on his own behalf, seeking only a declaratory judgment that the arbitration provision in his agreement with ACS is unenforceable under federal and state law and seeking to enjoin the arbitration brought by ACS against him. Vidal's claims focus on the unique circumstances surrounding both the execution of his contract and his resignation.

The claims and facts at issue in each case do not overlap and, therefore, will result in different legal arguments, evidence and potentially other discovery, and case schedules so as to essentially eliminate any judicial economy. *See Molinari*, 2008 WL 5412433, at *8-9 (finding two cases in which there are no overlapping claims weighed against a determination that the two were "related").

It is readily apparent that the broader scope, different parties, different legal issues and different legal claims presented in the instant action undercuts any finding that the interests of judicial economy will be served by reassignment. Under these circumstances, there is no reason why the presumption of random assignment should be ignored here.

Based on the forgoing, we respectfully request that the subject case be reassigned back to Judge Eric N. Vitaliano and Magistrate Judge Ramon E. Reyes, Jr.

Sincerely,

*[signature]*

Nicolle L. Jacoby


Cc: All counsel of record (via ECF)

18264953