

**U.S. Department of Labor**
**Office of the Solicitor**

201 Varick Street, Room 983
New York, NY 10014

Reply to the Attention of:

Jason Glick, Senior Trial Attorney
Phone:   (646) 264-3687
E-Mail:  glick.jason.e@dol.gov

March 25, 2024

**By ECF**

Hon. Nina R. Morrison, U.S. District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:      *Secretary of Labor v. Advanced Care Staffing, LLC et al.*, No. 23-cv-2119-NRM-MMH

Dear Judge Morrison:

Pursuant to Section 5.3.3 of the Court's Individual Practice Rules and as discussed at the recent oral argument, the Acting Secretary of Labor respectfully submits this notice of supplemental authority regarding four recent decisions that support denying Defendants' motion to dismiss (ECF No. 28).

1. ***Healthcare Facility Mgmt. LLC v. Malabanan*, No. 23-cv-236, 2024 WL 418978 (S.D. Ohio Feb. 5, 2024),** *report and recommendation adopted*, **2024 WL 1192919 (S.D. Ohio Mar. 20, 2024)**

*Healthcare Facility Management* denied a nursing agency's motion to dismiss an employee's claim for a declaratory judgment under the Fair Labor Standards Act. The employer's contract purported to require the employee to repay certain amounts if he did not remain employed for three years. 2024 WL 418978, at *3. After the employee resigned, the employer sued for repayment, and the employee asserted an FLSA counterclaim, on a free-and-clear theory. *Id.* at *12. The district court correctly concluded that the employee had Article III standing to pursue the FLSA counterclaim, notwithstanding that he received his last paycheck and had not yet paid back any amounts. *Id.* at *2, *12. In rejecting the employer's contention that the employee had not asserted a particularized injury, the court found persuasive the employer's "pattern and practice of filing lawsuits and threatening legal actions" against both him and other employees. *Id.* at *12. The court also concluded that any ambiguities in the employer's demands could not be resolved on a Rule 12(b) motion. *Id.* at *8 & n.11.

*Healthcare Facility Management* supports the arguments made in the Acting Secretary's opposition brief. *See* ECF No. 29, at 11–17 (Article III standing), 23 n.12 (Defendants' demands).[1]

---

[1] *Healthcare Facility Management* involved an attempt to hold an employee liable for different categories of expenses than the Acting Secretary challenges. *Compare id.* at *3, *with, e.g.*, ECF No. 28-2, at 7 § 10(a)(1) (Vidal contract), *and* ECF No. 19 ¶ 79 (Amended Complaint). Such differences are not relevant to the Article III standing analysis, *i.e.* the proposition for which the Acting Secretary submits *Healthcare Facility Management* as supplemental authority.

2.  ***Fredericks v. Ameriflight, LLC***, No. 23-cv-1757, 2024 WL 1183075 (N.D. Tex. Mar. 19, 2024)

In *Fredericks*, the employee brought suit against her former employer, including under the FLSA, for unpaid wages and illegal kickbacks, after the employer sought to hold her liable to repay training costs pursuant to a contract. 2024 WL 1183075, at *1. The district court rejected the employer's argument that the employee's suit sought an "advisory opinion," and properly concluded that the employee's claim for a declaratory judgment was justiciable under Article III. *Id.* at *3. The court also denied the employer's motion to dismiss the FLSA claims, relying on longstanding caselaw finding violations when an employer demands repayment of costs for the employer's benefit. *Id.* at *3–5.

In addition to the Secretary's Article III arguments, *Fredericks* supports the Acting Secretary's arguments regarding the FLSA's prohibition on an employer shifting costs to employees when those costs are primarily for the benefit or convenience of the employer (and would bring employees below the amounts protected by the FLSA). ECF No. 29, at 23–30.

3.  ***Vidal v. Advanced Care Staffing, LLC***, No. 23-303-cv, 2024 WL 980634 (2d Cir. Mar. 7, 2024) (summary order)

The Second Circuit's decision affirming this Court's preliminary injunction in related case No. 22-cv-5535 supports the Acting Secretary's argument that Defendants' demands for attorney's fees and costs against employees are a form of cognizable harm for Article III standing purposes. *See* ECF No. 29, at 12; ECF No. 19, at ¶¶ 3, 4, 168, 171.

4.  ***Federal Bureau of Investigation v. Fikre***, No. 22-178, --- S. Ct. ---, 2024 WL 1160994 (Mar. 19, 2024)

The U.S. Supreme Court recently reiterated that a defendant must satisfy a "formidable burden" to defeat Article III jurisdiction when contending that it has ceased a challenged practice. 2024 WL 1160994, at *4. *Fikre* supports the Acting Secretary's argument regarding the mootness standard that applies, to the extent Defendants may be heard to claim they have disavowed any aspect of their challenged conduct. ECF No. 29, at 16 n.7.

Respectfully submitted,

Jeffrey S. Rogoff
Regional Solicitor

By:  /s/ Jason Glick
     Jason Glick, Senior Trial Attorney

cc:  Defendants' counsel (via ECF)