UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

LORI CHAVEZ-DEREMER,
Secretary of Labor,
United States Department of Labor,

*Plaintiff,*

v.

ADVANCED CARE STAFFING, LLC, et al.

*Defendants.*

No. 23-cv-2119 (NRM) (MRH)

### CONSENT JUDGMENT

Plaintiff LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor (the "Secretary") has filed her Complaint and defendants ADVANCED CARE STAFFING, LLC ("ACS") and PRIORITY CARE STAFFING, LLC ("PCS") (together, "Defendants") appeared by counsel, filed their answer, and hereby agree to the entry of this Consent Judgment in full settlement of the claims that have been made or asserted in this action.

Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they may be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment.

Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Consent Judgment.

Defendants admit that from March 21, 2021 to at least April 22, 2025 (the "relevant time

period") they were employers within the meaning of Section 3(d) of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 203(d). Defendants admit that during the relevant time period they were a covered enterprise under sections 3(r) and 3(s) of the FLSA and that the provisions of the FLSA apply to them.

To resolve this Action without the necessity of prolonged and expensive litigation, Defendants have agreed to enter into this Consent Judgment.

It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that:

1.    Defendants (and, to the extent that they have received notice of the terms of this paragraph, Defendants' officers,[1] employees, agents, and those persons in active concert or participation with Defendants) are permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

a.    Defendants shall not, contrary to section 6 of the FLSA, pay any of their employees at a rate less than the applicable statutory minimum wage now, or which in the future becomes, prescribed by section 6 of the FLSA.

b.    Defendants shall not, contrary to section 7 of the FLSA, employ any of their non-exempt employees for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the FLSA, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

---

[1] The parties understand and agree that Samuel Klein, who will execute this Consent Judgment on behalf of both Defendants, has received notice of the terms of this paragraph and is bound by the injunctive terms in this Consent Judgment, including Paragraph 3.

c.     Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment, as prescribed by the FLSA and its regulations.

d.     Defendants shall not discharge or take any retaliatory action against any employee because such employee engaged in or is believed to have engaged in any of the following activities:

    i.     Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy, or practice of Defendants or another employer with whom Defendants have a business relationship, that the employee reasonably and in good faith believes is in violation of the FLSA or a rule or regulation promulgated pursuant to the FLSA;

    ii.     Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing, or inquiry into any alleged violation of the FLSA or a rule or regulation promulgated pursuant to the FLSA, by Defendants or another employer with whom Defendants have a business relationship; or

    iii.     Objects to, or refuses to participate in any activity, policy, or practice that the employee reasonably and in good faith believes is in violation of the FLSA or a rule or regulation promulgated pursuant to the FLSA.

e.     Defendants shall not seek recovery from any workers for any of the following "prohibited amounts": Defendants' overhead, lost/future/anticipated profits, the costs of recruiting or hiring a replacement worker, or the indirect upfront costs of having recruited or hired the worker. Defendants shall not seek recovery from any workers for the

costs of collection (including attorneys' fees, arbitration costs, and interest allegedly accrued through the date of an employee's alleged breach) of any prohibited amounts. Defendants shall not enforce any provisions of current contracts purporting to permit Defendants to recover the above prohibited amounts from workers, or to recover from workers the costs of collection of any of the above prohibited amounts (including attorneys' fees, arbitration costs, and interest allegedly accrued through the date of an employee's alleged breach).

2.      Defendants have already paid $663,668.66 to the Office of the Attorney General of the State of New York ("OAG") in resolution of an OAG investigation (AOD No. 25-025, May 29, 2025). The parties have reached a compromise agreement that, from that $663,668.66 payment, Defendants shall have been deemed to have paid wages to the former employees listed in Exhibit A, attached hereto, in the amount of $71,828.90 plus an equal additional amount of liquidated damages of $71,828.90, for a total amount of $143,657.80, in full satisfaction of the Secretary's FLSA claims for back wages and liquidated damages in this Action. Pursuant to the terms of the OAG's Assurance of Discontinuance with Defendants and negotiations between and among DOL, Defendants, and OAG, the OAG will distribute (or is in the process of distributing) the $663,668.66 to the affected employees, who include all of the employees as listed in Exhibit A to this Consent Judgment. The parties agree that Defendants' payment of the $663,668.66 to the OAG fully satisfies Defendants' payment obligations for all claims for FLSA back wages and liquidated damages brought in this Action and owing under this Consent Judgment.

3.      Defendants, and anyone acting on their behalf, shall not directly or indirectly solicit or accept the return or refusal of any sums paid pursuant to paragraph 2 of this Consent Judgment or of any of the $663,668.66 paid to the OAG pursuant to the OAG's Assurance of Discontinuance

with Defendants. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against anyone because of their receipt of funds due under paragraph 2 of this Consent Judgment or the FLSA. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

4.      By 90 days after the entry of this Consent Judgment, Defendants shall provide a training for all ACS and PCS office staff (besides office personnel who have no interactions with nurses or prospective nurses) and supervisory employees on the terms of this Consent Judgment including but not limited to the anti-retaliation provisions of paragraph 1(d) and the prohibition on recovery of certain costs from employees described in paragraph 1(e). Defendants will confirm (via email to Debbie Lau, lau.debbie@dol.gov, and Jason Glick, glick.jason.e@dol.gov) that the training has been completed, and will confirm that all of ACS and PCS's office and supervisory employees have been trained pursuant to this Paragraph of the Consent Judgment (or, if any office employees are not included in the training, identifying the position of such employees and confirmation that they do not interact with nurses or prospective nurses), the date(s) the training took place, the topics of the training (without revealing any privileged content), and the name and contact information for the person(s) who provided the training.

5.      Defendants will specify in all future contracts with their clients dated after entry of this Consent Judgment that compliance with applicable laws includes a requirement to comply with any investigation conducted by the U.S. Department of Labor relating to Defendants' employees, including freely interviewing Defendants' employees working at the client's facilities, timely providing documents upon request, and prohibiting retaliation. For the avoidance of doubt, nothing in this Consent Judgment shall require (and the U.S. Department of Labor will not require) Defendants to terminate any contract with clients, beyond any existing provisions in Defendants'

contracts that may provide for termination in the event of breach.

6.    By 45 days after the entry of this Consent Judgment, Defendants will designate a compliance officer with sufficient experience and authority, whose duties will include promptly addressing employee concerns of wage or safety issues, establishing clear procedures for employees to report such concerns free from retaliation, and ensuring compliance with the other provisions of this Consent Judgment, including but not limited to paragraphs 1(e), 4, 5, 7, and 8.

7.    For three years from the date of entry of this Consent Judgment, Defendants will make periodic written reports on dates listed below to the U.S. Department of Labor, by email to Debbie Lau, lau.debbie@dol.gov, and Jason Glick, glick.jason.e@dol.gov, enumerating any amounts collected during the previous six months by any Defendant from employees for any asserted breach of contract, the basis for the Defendant collecting those amounts, and the procedures used by Defendants to collect such amounts. ACS and PCS will sign the written reports, which shall be due on the following dates (or dates as amended in writing by the Parties):

| Report 1 | November 29, 2025 |
| Report 2 | May 29, 2026 |
| Report 3 | November 29, 2026 |
| Report 4 | May 29, 2027 |
| Report 5 | November 29, 2027 |
| Report 6 | May 29, 2028 |

8.    If they have not already done so by the date this Consent Judgment is ordered, Defendants shall provide notice to affected employees that they are being released from any provisions of current contracts purporting to permit Defendants to recover amounts from employees for Defendants' overhead, lost/future/anticipated profits, the costs of recruiting or hiring a replacement, the indirect upfront costs of having recruited or hired the worker, or the costs of collection (including attorneys' fees, arbitration costs, and interest allegedly accrued through the date of an employee's alleged breach) of any prohibited amounts. The parties also understand

and agree that the notice may state that the affected employee is not being released from provisions of their contract that purport to permit Defendants to recover Actual Direct Costs (as defined in the OAG's Assurance of Discontinuance).

9.      Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed on Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under Section 16(b) of the FLSA or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against a Defendant under Section 16(b) of the FLSA for any violations alleged to have occurred before March 21, 2021 or after April 22, 2025. The parties understand and agree that pursuant to Section 16(c) of the FLSA, this action by the Secretary has terminated the rights of the employees listed in Exhibit A of this Consent Judgment to bring any action against Defendants under Section 16(b) of the FLSA for violations of the FLSA alleged to have occurred from March 21, 2021 to April 22, 2025.

10.      The parties also understand and agree that this Consent Judgment hereby resolves all claims asserted in this action, including but not limited to paragraphs 169 and 172 of the Amended Complaint dated July 20, 2023.

11.      Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

12.      The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

**SO ORDERED.**

DATED:      November 19 , 2025

_/s/ Nina R. Morrison_

HONORABLE NINA R. MORRISON
UNITED STATES DISTRICT JUDGE

Defendants hereby consent to the entry of this Judgment.

ADVANCED CARE STAFFING, LLC
By: SAMUEL KLEIN, CEO

PRIORITY CARE STAFFING, LLC
By: SAMUEL KLEIN, Member and CEO

8

STATE OF _New York_ )

                     :SS:

COUNTY OF _Kings_ )

On the 3rd day of _September_ 2025 before me came **SAMUEL KLEIN**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **ADVANCED CARE STAFFING, LLC**, described in and which executed the foregoing instrument, and that he signed his name thereto by like authority.

NOTARY PUBLIC

> TINA TAN
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01TA6364934
> Qualified in Kings County
> My Commission Expires: _Sept. 25, 2025_

STATE OF _New York_ )

                     :SS:

COUNTY OF _Kings_ )

On the 3rd day of _September_ 2025 before me came **SAMUEL KLEIN**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **PRIORITY CARE STAFFING, LLC**, described in and which executed the foregoing instrument, and that he signed his name thereto by like authority.

NOTARY PUBLIC

> TINA TAN
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01TA6364934
> Qualified in Kings County
> My Commission Expires: _Sept. 25, 2025_

9

**EXHIBIT A**

|  | Name | FLSA Back Wages (BWs) | FLSA Liquidated Damages (LDs) | Total Per–Employee BWs and LDs |
|---|---|---|---|---|
| 1 | Abesta, Ven Clyde | $1,056.30 | $1,056.30 | $2,112.60 |
| 2 | Acera, Rey G | $1,056.30 | $1,056.30 | $2,112.60 |
| 3 | Acuna, Michole | $1,056.30 | $1,056.30 | $2,112.60 |
| 4 | Adlawan, Arianne Andrea | $1,056.30 | $1,056.30 | $2,112.60 |
| 5 | Agdinaoay, Maria Pauline E. | $1,056.30 | $1,056.30 | $2,112.60 |
| 6 | Alcoreza, Analyn | $1,056.30 | $1,056.30 | $2,112.60 |
| 7 | Aligno, Nicole Angela B. | $1,056.30 | $1,056.30 | $2,112.60 |
| 8 | Ambalong, Jennifer | $1,056.30 | $1,056.30 | $2,112.60 |
| 9 | Arsenal, Queenie Rose | $1,056.30 | $1,056.30 | $2,112.60 |
| 10 | Baylon, Sherry Cille B. | $1,056.30 | $1,056.30 | $2,112.60 |
| 11 | Bernal, Reymond | $1,056.30 | $1,056.30 | $2,112.60 |
| 12 | Bernardo, Erick Pimentel | $1,056.30 | $1,056.30 | $2,112.60 |
| 13 | Bontuyan, Rhienell | $1,056.30 | $1,056.30 | $2,112.60 |
| 14 | Bravo, Paul Adrian | $1,056.30 | $1,056.30 | $2,112.60 |
| 15 | Bulatao, Marq John | $1,056.30 | $1,056.30 | $2,112.60 |
| 16 | Bullecer, Mary Cheopane | $1,056.30 | $1,056.30 | $2,112.60 |
| 17 | Cabuenas, Crispy Anne | $1,056.30 | $1,056.30 | $2,112.60 |
| 18 | Cadiente, Robinson | $1,056.30 | $1,056.30 | $2,112.60 |
| 19 | Cailimlim, Genaro | $1,056.30 | $1,056.30 | $2,112.60 |
| 20 | Calledo, Wevina | $1,056.30 | $1,056.30 | $2,112.60 |
| 21 | Cervantes, Quennie | $1,056.30 | $1,056.30 | $2,112.60 |
| 22 | Codina, John | $1,056.30 | $1,056.30 | $2,112.60 |
| 23 | Dimatingcal, Norsida C. | $1,056.30 | $1,056.30 | $2,112.60 |
| 24 | Encinares, Celena Rae | $1,056.30 | $1,056.30 | $2,112.60 |
| 25 | Espiritu, Sherry Rose | $1,056.30 | $1,056.30 | $2,112.60 |
| 26 | Fernanez, Stephanie | $1,056.30 | $1,056.30 | $2,112.60 |
| 27 | Francisco, Crystal Joy | $1,056.30 | $1,056.30 | $2,112.60 |
| 28 | Garcia, Justine Juvida | $0.50 | $0.50 | $1.00 |
| 29 | Gatdula, Mark Brian O. | $1,056.30 | $1,056.30 | $2,112.60 |
| 30 | Gonzaga, April Grace | $1,056.30 | $1,056.30 | $2,112.60 |
| 31 | Guisona, Ma Corina | $1,056.30 | $1,056.30 | $2,112.60 |
| 32 | Gutierrez, Jomyr Joseph | $1,056.30 | $1,056.30 | $2,112.60 |
| 33 | Henson, Ryan Nathaniel | $1,056.30 | $1,056.30 | $2,112.60 |
| 34 | Hernandez, Joylene Yee | $1,056.30 | $1,056.30 | $2,112.60 |
| 35 | Hsing Yang, Wen | $1,056.30 | $1,056.30 | $2,112.60 |
| 36 | Hsu, Fen Cherng | $1,056.30 | $1,056.30 | $2,112.60 |

| 37 | Intong, Carmel Stefane | $1,056.30 | $1,056.30 | $2,112.60 |
|----|------------------------|-----------|-----------|-----------|
| 38 | Jacinto, Arvie | $1,056.30 | $1,056.30 | $2,112.60 |
| 39 | Jambora, Mar John | $1,056.30 | $1,056.30 | $2,112.60 |
| 40 | Joaquin, Karina Reinoso | $1,056.30 | $1,056.30 | $2,112.60 |
| 41 | Lao, Martin Keith Aaron P. | $1,056.30 | $1,056.30 | $2,112.60 |
| 42 | Lingan, Charlemagne | $1,056.30 | $1,056.30 | $2,112.60 |
| 43 | Llave, Marianne T. | $1,056.30 | $1,056.30 | $2,112.60 |
| 44 | Malana, Karen Dominique | $1,056.30 | $1,056.30 | $2,112.60 |
| 45 | Montano, Ryan | $1,056.30 | $1,056.30 | $2,112.60 |
| 46 | Moradas, Jeoffrey | $1,056.30 | $1,056.30 | $2,112.60 |
| 47 | Natividad, Audrey Salvador | $1,056.30 | $1,056.30 | $2,112.60 |
| 48 | Orcelada, Mylene | $1,056.30 | $1,056.30 | $2,112.60 |
| 49 | Padua, Mc Ali | $1,056.30 | $1,056.30 | $2,112.60 |
| 50 | Paez, Sarah Vicar | $1,056.30 | $1,056.30 | $2,112.60 |
| 51 | Pareja, Chad Juntillo | $1,056.30 | $1,056.30 | $2,112.60 |
| 52 | Paungan, Nalord | $1,056.30 | $1,056.30 | $2,112.60 |
| 53 | Pelandas, Rodilen | $1,056.30 | $1,056.30 | $2,112.60 |
| 54 | Ramos, John | $1,056.30 | $1,056.30 | $2,112.60 |
| 55 | Rivera, Aina Erika Santos | $1,056.30 | $1,056.30 | $2,112.60 |
| 56 | Roxas, Adrianne | $1,056.30 | $1,056.30 | $2,112.60 |
| 57 | Sangalang, Ryan | $1,056.30 | $1,056.30 | $2,112.60 |
| 58 | Santos, Marco | $1,056.30 | $1,056.30 | $2,112.60 |
| 59 | Sardoma, Gloria Ana Rose | $1,056.30 | $1,056.30 | $2,112.60 |
| 60 | Tagarao, Julie Ann | $1,056.30 | $1,056.30 | $2,112.60 |
| 61 | Tantay, Lyra May | $1,056.30 | $1,056.30 | $2,112.60 |
| 62 | Tizon, Jo-an | $1,056.30 | $1,056.30 | $2,112.60 |
| 63 | Turla, Cherrie Mae | $1,056.30 | $1,056.30 | $2,112.60 |
| 64 | Ursal, Rafael Adrelino | $1,056.30 | $1,056.30 | $2,112.60 |
| 65 | Veloso, Lim-Neo | $1,056.30 | $1,056.30 | $2,112.60 |
| 66 | Vergara, Daryl | $1,056.30 | $1,056.30 | $2,112.60 |
| 67 | Villamor, Tiffany Jane | $1,056.30 | $1,056.30 | $2,112.60 |
| 68 | Villarojo, Rosvanjel | $1,056.30 | $1,056.30 | $2,112.60 |
| 69 | Zamoras, Jhim Ivan | $1,056.30 | $1,056.30 | $2,112.60 |
|    | **Total** | **$71,828.90** | **$71,828.90** | **$143,657.80** |